Judge Brooke
pronounced the opinion of the court,
“ That there is no error in the decree of the court of chancery, as far as it affirms the decree of the county court giving to the appellees the profits of the slaves devised to them, from the death of the testator; but that' there is error in both decrees in this, that interest is not allowed the appellees on the amount of profits admitted to have been received by the appellant; and also in this, that the said decrees are joint and not several.” Therefore, both decrees are to be reversed, with costs against the appellant, the appellees being the parties substantially prevailing ; and, “■ the appellees not complaining of the error last assigned,” a decree is to be entered in their favour for the sum of 382/. 8s. 5d. 1-2. (which the appellant admits by his answer he had received as hire of the slaves,) “ with legal interest thereon from the 25th day of December, 1803, the time of the receipt thereof, until the 15th day of March, 1804.”(1)
Afterwards, Monday, December 2d, “ the counsel for the appellees waiving his objection to the error in the decrees of the county court and superior court of chancery, in not allowing interest to the appellees on the profits of the slaves bequeathed them,” the decree of reversal was set aside, and the decree of the superior court of chancery affirmed. (2)

 Note. This was the date of the eounty court decree; beyond which time interest allowed by the appellate court could not run, according to the decision in Scott's Executors v. Trent and others, 4 H. & M. 361.
The costs in this ease werepayable de bonis testaioris, si, ¡je. si non dc bonis propriis, but the decree for the principal and interest was against the appellant personally, so that execution should be levied de bonis propriis.

 Note. See the General Rule as to correction of errors operating to the injury of the appellee, or defendant in error, 1 Munf. 460.

) Skipwith v. Clinch, 2 Call, 253. and other cases.(1)